# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BROOKE JEAN ACOSTA,

     Plaintiff,

-vs-

Case No.

EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and MRS BPO, L.L.C.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BROOKE JEAN ACOSTA (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and MRS BPO, L.L.C. (hereinafter "MRS BPO") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Taylor County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     MRS BPO is a corporation with its principal place of business in the State of New Jersey and is authorized to do business in the State of Florida through its registered agent, Cogency Global Inc., located at 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301.

20.     MRS BPO is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     MRS BPO furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to MRS BPO, partial account number ending in x1783, as to a collection account on behalf of original creditor Spectrum (hereinafter "MRS BPO Account"). Plaintiff never applied or gave permission to anyone to apply using her information for the original Spectrum account.

23.     Upon information and belief, Plaintiff has been a victim of identity theft for several years.

24.     In or about 2021, Plaintiff's wallet which contained personal documents was stolen.

25.     Shortly thereafter, fraudulent account(s) began to appear in Plaintiff's credit file and contacted the original creditor(s) to dispute those fraudulent account(s).

26.     On or about October 15, 2023, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 165295275. In this report, she explained that she was a victim of identity theft and that fraudulent accounts that did not belong to her were appearing in her credit file.

27.     In or about November 2023, Plaintiff contacted Equifax and Experian to dispute the erroneous account(s).

28.     On or about December 6, 2023, Plaintiff filed a police report with the Springfield Police Department regarding the fraud and identity theft.

29.     In or about 2024, Plaintiff became aware of the erroneous MRS BPO Account.

30.     Shortly thereafter, Plaintiff contacted original creditor, Spectrum, to dispute the MRS BPO Account which did not belong to her. Plaintiff was informed the MRS BPO Account was for service in Kentucky.

31.     On or about July 1, 2024, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed the erroneous MRS BPO Account with a status of unpaid and balance of $280. Further, Plaintiff observed Bull City Financial Solutions, partial account number ending in x42, on behalf of

original creditor Duke Energy (hereinafter "Bull City Account"), which did not belong to her.

32.     Due to the inaccurate reporting, on or about July 26, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that the MRS BPO Account and Bull City Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, and images of the police report filed with the Springfield Police Department.

33.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1204 3320 31), Experian (9589 0710 5270 1204 3320 48), and Trans Union (9589 0710 5270 1204 3320 24).

34.     On or about August 6, 2024, Plaintiff received a response from Equifax which requested proof of identification despite Plaintiff having provided images of her current driver's license and Social Security card.

35.     Despite confirmation of delivery, Plaintiff did not receive dispute results from Equifax, However, upon review of her updated credit report, Plaintiff observed the MRS BPO Account continued to appear in her credit file.

36.     Plaintiff provided enough information to Equifax to identify her file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

37.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

38.     Equifax never attempted to contact Plaintiff during the alleged investigation.

39.     Upon information and belief, Equifax notified MPS BPO of Plaintiff's dispute. However, MRS BPO failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.     On or about August 6, 2024, Plaintiff received dispute results from Trans Union which stated the Bull City Account was removed. Plaintiff did not receive dispute results as to the MRS BPO Account. However, upon review of her updated credit report, Plaintiff observed the MRS BPO Account continued to be reported.

41.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

42.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

43.     Upon information and belief, Trans Union notified MRS BPO of Plaintiff's dispute. However, MRS BPO failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

44.     Despite confirmation of delivery on August 1, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Experian. However, upon review of her updated credit report, Plaintiff observed the Bull City Account was no longer reported. Further, Plaintiff observed the MRS BPO Account continued to be reported.

45.     Plaintiff provided enough information to Experian to identify her file and to handle the dispute. Experian failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

46.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

47.     Experian never attempted to contact Plaintiff during the alleged investigation.

48.     Upon information and belief, Experian notified MRS BPO of Plaintiff's dispute. However, MRS BPO failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

49.    On or about August 13, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 176144528. In this report, she explained that she was a victim of identity theft and that the erroneous MRS BPO Account listed in her credit report did not belong to her.

50.    On or about September 5, 2024, Plaintiff contacted the CRAs via telephone to dispute the continued reporting of the MRS BPO Account which did not belong to her.

51.    Due to the continued inaccurate reporting, on or about September 11, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff reiterated that she was a victim of identity theft and that the MRS BPO Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Reports, and images of the police report filed with the Springfield Police Department.

52.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 5854 1464 00), Experian (9407 1112 0620 5854 1456 32), and Trans Union (9407 1112 0620 5854 1129 62).

53.     As of the filing of this Complaint, Plaintiff has not received dispute results from the CRAs in response to her telephonic dispute or second detailed dispute letter.

54.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous MRS BPO Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

55.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

56.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

57.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i.     Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

58.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

59.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

60.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

61.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

62.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

63.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

64.     Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the police report filed with the Springfield Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

65.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

66.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

67.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

68.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

69.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

70.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

71.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

72.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

73.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

74.     Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the police report filed with the Springfield Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

75.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

76.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

78.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

79.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

80.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

81.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to

16

conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

82.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

17

85.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

86.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

87.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

88.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

89.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

91.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

92.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

93.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

94.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

95.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

96.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

98.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

20

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

99.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

100.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

101.    Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

102.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

103.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

21

104.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

105.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

107.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

109.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

110.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

111.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

112.   Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the police report filed with the Springfield Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

113.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

114.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

115.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

116.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

117.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

118.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

119.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

120.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

121.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

122.   Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the police report filed with the Springfield Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

123.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

125.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

126.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

127.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

128.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

129.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

130.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

131.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

132.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

133.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

134.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

135.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

136.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

137.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

138.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

139.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

140.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

141.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

142.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

143.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

144.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

145. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

146. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

147. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

148. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

149. Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

150. Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

151. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

152. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

153. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Negligent)

154.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

155.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

156.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

157.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

158.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

159.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

160.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the police report filed with the Springfield Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

161.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

162.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

163.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

164.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

165.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

166.    Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

167.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

168.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

169.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

170.    Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the police report filed with

the Springfield Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

171.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

172.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

173.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

174.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

175.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

176.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

177.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

178.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

179.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

180.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

181.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

182.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

183.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

184.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

185.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

186.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

187.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, MRS BPO, L.L.C. (Negligent)

188.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

189.   MRS BPO furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

190.   After receiving Plaintiff's disputes, MRS BPO violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii)

failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

191.   Plaintiff provided all the relevant information and documents necessary for MRS BPO to have identified that the account was fraudulent.

192.   MRS BPO did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to MRS BPO by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

193.   MRS BPO violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

194.   As a direct result of this conduct, action, and/or inaction of MRS BPO, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

195. The conduct, action, and inaction of MRS BPO was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

196. Plaintiff is entitled to recover costs and attorney's fees from MRS BPO in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual damages against Defendant, MRS BPO, L.L.C.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, MRS BPO, L.L.C. (Willful)

197. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

198. MRS BPO furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

199. After receiving Plaintiff's disputes, MRS BPO violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

200.   Plaintiff provided all the relevant information and documents necessary for MRS BPO to have identified that the account was fraudulent.

201.   MRS BPO did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to MRS BPO by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

202.   MRS BPO violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

203.   As a direct result of this conduct, action, and/or inaction of MRS BPO, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

204.   The conduct, action, and inaction of MRS BPO was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

205.   Plaintiff is entitled to recover costs and attorney's fees from MRS BPO in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, MRS BPO, L.L.C.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BROOKE JEAN ACOSTA, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC;

44

EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and MRS BPO, L.L.C., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 19th day of September 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*